# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3645 | **DATE** | 11/26/2003 |
| **CASE TITLE** | TERRI ROGERS vs. UNITED STATES OF AMERICA | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box **above.**]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: The Court grants the government's motion to dismiss for want of jurisdiction, and in the alternative, for failure to state a claim [doc. no. 3-1]. This case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 01 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | 03 NOV 26 PM 3:22 FILED | DEC 01 2003 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRI ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 03 C 3645 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Terri Rogers has sued the U.S. government because Geraldine Johnson in her capacity as her supervisor at the U.S. Postal Service allegedly withdrew Rogers' work hours from the time computer system. The U.S. government has moved to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) and 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion.

0 1 2003

## FACTS

Rogers in her one-paragraph complaint alleges that her supervisor at the U.S. Postal Service "withdrew [her] work ours [sic] from the time computer system on April 19, 2003." (Compl.) As a result, Rogers "was forced to wait to try and retrieve [her] time card." (*Id.*) Rogers also alleges her supervisor verbally abused her and prevented her from finishing her tour at the Postal Service and that this conduct occurred on two previous occasions. (*Id.*) Rogers filed suit in state court on April 28, 2003 for "pain, damages and [her] salary." (*Id.*)

The government removed the case to federal court on May 28, 2003. At the time

the government filed its notice of removal, it also filed an affidavit that Rogers'
supervisor was of federal employee status and was acting within the scope of her
employment, and accordingly, the United States was substituted as the defendant
pursuant to 28 U.S.C. § 2679(d)(1).

## DISCUSSION

Applying an overabundance of caution, this Court concludes that the
government's motion to dismiss should be granted for the following reasons. First, the
exhaustion of administrative remedies is a jurisdictional requirement under the Civil
Service Reform Act ("CSRA") and plaintiff has not alleged or argued that she has
exhausted such remedies. *See* 5 U.S.C. § 2301 *et seq.* Second, the Court lacks
jurisdiction because plaintiff's claim for damages falls under the Federal Employees
Compensation Act ("FECA"), and FECA precludes this Court's jurisdiction. *See* 5
U.S.C. § 8102. Third, to the extent that plaintiff is attempting to allege a claim for
breach of the collective bargaining agreement, the Court finds that plaintiff fails to state a
claim. Because the Court dismisses the complaint based on these grounds, it need not
address the other arguments raised in support of the motion to dismiss.

### I. Motion to Dismiss Pursuant to Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss requires a court to dismiss any action for
which it lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Rule 12(b)(1)
motions are based on either facial or factual attacks on jurisdiction. *Villasenor v. Indus.*
*Wire & Cable, Inc.*, 929 F. Supp. 310, 311 (N.D. Ill. 1996). If the defendant factually

2

attacks the plaintiff's assertion of subject matter jurisdiction, the court may look beyond

the jurisdictional allegations in the complaint and "view whatever evidence has been

submitted on the issue to determine whether in fact subject matter jurisdiction exists."

*Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993); *see*

*also Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir. 1989). To withstand

defendants' Rule 12(b)(1) motion, the plaintiff must competently prove by a

preponderance of the evidence that subject matter jurisdiction exists. *NLFC, Inc. v.*

*Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995); *see also McNutt v. Gen.*

*Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Gould v. Artisoft, Inc.*, 1

F.3d 544, 547 (7th Cir. 1993).

First, this action is barred by the exhaustion of administrative remedies

requirement of the CSRA. The CSRA provides a "comprehensive framework for

handling the complaints of civil service employees faced with adverse personnel

decisions." *Ayrault v. Pena*, 60 F.3d 346, 347 (7th Cir. 1995); *Steele v. United States*, 19

F.3d 531, 533 (10th Cir. 1994) (noting that CSRA preempts federal and state court

actions of activities prohibited by CSRA, including state common law actions for

intentional infliction of emotional distress). Part of this comprehensive scheme involves

the legislature's intent for "one agency . . . and one court" to possess the "primary

responsibility for interpreting the CSRA's provisions." *Ayrault*, 60 F.3d at 348. The

Merit Systems Protection Board ("MSPB") and the Federal Circuit are solely responsible

for interpreting the CSRA. *Id.* Thus,an employee who "wishes to complain of an

adverse personnel decision must first appeal to the MSPB." *Id.* Pursuant to 39 U.S.C. §

1005, the CSRA applies to postal employees. "Under the CSRA, exhaustion of

3

administrative remedies is a jurisdictional prerequisite to suit." *Weaver v. U.S. Info. Agency*, 87 F.3d 1423, 1433 (D.C. Cir. 1996) (citing *Steadman v. Governor, U.S. Soldiers' & Airmen's Home*, 918 F.2d 963, 967 (D.C. Cir. 1990); *United States v. Fausto*, 484 U.S. 439, 454 (1988) (holding that CSRA precluded judicial review of claim under Tucker Act based on Back Pay Act)).

Additionally, the CSRA requires a grievance procedure be included in "any collective bargaining agreement covering federal employees." *Saul v. United States*, 928 F.2d 829, 833 (9th Cir. 1991). If the CSRA provides a fully effective remedy, then the plaintiff is required to exhaust administrative claims. *Martin v. U.S. Envtl. Prot. Agency*, 271 F. Supp. 2d 38, 44 (D.D.C. 2002) (noting potential exception in "unusual" case where a constitutional claim raises issues "totally unrelated to the CSRA procedures").

Here, plaintiff has failed to allege or even argue in response to the motion to dismiss that she has made any attempt to exhaust any administrative remedies or to begin the administrative appeals process. Plaintiff has not alleged that the grievance procedure in the postal workers' collective bargaining agreement is inadequate. Similarly, the plaintiff has not alleged that her claim involves a constitutional issue which is "totally unrelated to the CSRA procedures." *See Martin*, 271 F. Supp. 2d at 44. Therefore, this Court lacks jurisdiction due to the administrative remedy exhaustion requirement of the CSRA.

Second, FECA deprives this Court of jurisdiction to hear plaintiff's claims to the extent that she is seeking compensation for injuries resulting from her employment. A government employee's "exclusive avenue of redress against the Government" for

4

"work-related injuries" is the FECA. *Ezekiel v. Michel*, 66 F.3d 894, 898 (7th Cir. 1995).

FECA liability "supplants all other liability" to an injured federal employee. *Id.* With

the possible exception of some constitutional challenges, the district courts lack

jurisdiction when such a claim is covered under FECA. *Id.* at 898-99. The Secretary of

Labor must decide whether FECA applies. *Tippetts v. United States*, 308 F.3d 1091,

1094 (10th Cir. 2002). While some questions remain regarding the extent of FECA's

scope regarding emotional injuries, the Secretary of Labor has previously stated that

FECA's scope includes emotional injuries. *McDaniel v. United States*, 970 F.2d 194,

197 (6th Cir. 1992) (affirming district court's dismissal of postal worker's emotional

distress claim against her supervisor because of FECA's coverage of claim); *Trammel v.*

*Brown*, No. 94 C 149, 1995 WL 708666, at *3-4 (N.D. Ill. Nov. 30, 1995).

Thus, to the extent plaintiff raises claims against the U.S. Postal Service and

FECA applies, the Secretary of Labor possesses the power to "administer...and decide all

questions arising under" FECA. *Ezekiel* at 898. Here, plaintiff seeks damages for

"pain" for actions taken against her by her supervisor during work hours. (*See* Compl.)

Additionally, plaintiff fails to raise any constitutional challenges, a potential exception to

FECA, and no constitutional challenges can be reasonably inferred from the allegations

in the complaint. Therefore, to the extent that plaintiff seeks damages against the U.S.

Postal Service for work-related injuries under FECA, the Court lacks jurisdiction to

adjudicate such a claim.


## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

To the extent that plaintiff is attempting to state a claim for breach of the

5

collective bargaining agreement, which is far from clear from the allegations of her

complaint, defendant moves to dismiss plaintiff's complaint under Rule 12(b)(6) for

failure to state a claim. A motion to dismiss tests the sufficiency of the complaint, not

the merits of the suit. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th

Cir. 1998). When ruling on a motion to dismiss, "a district court must accept as true all

well-pleaded factual allegations and draw all reasonable inferences in favor of the

plaintiff." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

To withstand a Rule 12(b)(6) motion to dismiss with regard to allegations of a

breach of a collective bargaining agreement under 39 U.S.C. § 1208(b), which applies to

postal labor claims, a plaintiff must have at least attempted to exhaust contractual

remedies established by the collective bargaining agreement prior to seeking judicial

enforcement of her rights under the contract. *See Roman v. U.S. Postal Serv.*, 821 F.2d

382, 384 (7th Cir. 1987); *D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1488-89 (7th Cir.

1985) (affirming dismissal pursuant to Rule 12(b)(6) claim for breach of collective

bargaining agreement for failure to exhaust contractual remedies).

As stated above, plaintiff has not alleged or argued that she has attempted to

exhaust her contractual remedies under the collective bargaining agreement.

Accordingly, to the extent that she is trying to raise a claim for breach of the collective

bargaining agreement, the Court grants the government's motion to dismiss for failure to

state a claim.

## CONCLUSION

For the reasons provided herein, the Court grants the government's motion to dismiss for want of jurisdiction, and in the alternative, for failure to state a claim [doc. no. 3-1]. This case is hereby terminated.

**SO ORDERED**

**ENTERED:** *11/26/03*

HON. RONALD A. GUZMAN
**United States Judge**